F I S H E R  |  T A U B E N F E L D   L L P

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

May 16, 2025

**VIA ECF**
Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

<b>Re: Cruz v. West 4th Marketplace, Inc., et al.<br>Case No. 24-CV-7532 (VSB)</b>

Dear Judge Broderick:

  This firm represents Plaintiff in the above-referenced matter. We write in compliance with the Court's May 1, 2025 Order (ECF No. 23). Plaintiff respectfully requests that the Court hold in abeyance its deadline for Plaintiff to move to compel compliance with the subpoenas she served on Defendants because Plaintiff intends by May 30, 2025 to amend the complaint to add additional Defendants.

  As this Court is aware, on January 24, 2025, the Court adjourned Plaintiff's deadline to move for a default judgment sine die (ECF No. 15), as Plaintiff sought to engage in discovery to obtain the identity of the Individual Defendant Abdul (whose full name she does not know) and any other potential employers under the FLSA, NYLL, and NYCHRL. As detailed in Plaintiff's complaint, all three Corporate Defendants are jointly owned and operated by a single family. Plaintiff did not apply to transfer between stores. When she moved from store to store, she was simply informed by her manager that she would be working at a new location. However, Plaintiff did not know the full name of Abdul, the individual who terminated her, or of the other owners of the businesses who controlled her work. Plaintiff therefore only sued the corporations that she believed owned the businesses at which she worked.

  After Defendants defaulted, Plaintiff served subpoenas to obtain information regarding the owners of the businesses. Defendants ignored the subpoenas. After Plaintiff advised the Court that she wished to move to compel compliance with the subpoenas, the Court held a conference to discuss the purpose of the subpoenas. The Court then issued an order directing Plaintiff to submit a motion informing the Court about the details of the Corporate Defendants and additional information useful for identifying Defendont Abdul.

In the course of preparing this motion, Plaintiff discovered a June 5, 2023 Zelle transaction from "Salimen Nagi", who she was able to identify as her manager at Healthy and Hungry Marketplace. Plaintiff also discovered a copy of a paystub made out to "Mosa Nagi," who she was able to identify as her manager at Riverside Gourmet Deli. Although their names are not publicly associated with the Corporate Entities in official business records, various news articles confirm Salimen Nagi, and his brother Hamza Nagi, as owners and operators of Hungry & Healthy Marketplace. See https://nypost.com/2023/12/21/metro/nyc-deli-is-also-a-standup-comedy-venue/; https://www.nydailynews.com/2025/03/10/nyc-bodega-egg-subsitute-bacon-egg-cheese-sandwiches/ ; https://www.businesswire.com/news/home/20250310140264/en/The-Bird-Flu-Bailout-Launches-at-New-York-Bodegas.

Based on this newly discovered information, Plaintiff intends to amend her Complaint as of right to add the above-mentioned employers, Salimen Nagi, Mosa Nagi and Hamza Nagi, as Defendants. Plaintiff expects these individuals to respond to the Amended Complaint and therefore should be more successful in obtaining the full name of the Defendant "Abdul" and any other employers through the new Defendants. Proceeding this way will preserve judicial resources and hopefully the need to obtain judicial enforcement of Plaintiff's subpoenas. Plaintiff therefore respectfully requests that the Court hold its May 1, 2025 order in abeyance so that Plaintiff can amend her complaint by May 30, 2025.

We greatly appreciate the Court's attention to this matter.

Very truly yours,

--------------/s/------------
Michael Taubenfeld



APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.

Date: May 16, 2025

Plaintiff's request to adjourn sine die Plaintiff's deadline to move
to compel compliance with the subpoenas is GRANTED.
Plaintiff shall file an amended complaint by May 30, 2025.
Plaintiff shall also timely file affidavits of service regarding the
amended complaint.