FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

**VIA ECF**
Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: **Cruz v. West 4th Marketplace, Inc., et al.**
  **Case No. 24-CV-7532 (VSB)**

Dear Judge Broderick:

This firm represents Plaintiff in the above-referenced matter. We write to (1) request an extension of the deadline to file a default judgment motion from October 20, 2025 until November 5, 2025; and (2) as instructed in DE 36 to provide good cause for why Plaintiff did not serve the previously served Defendants with the amended complaint.

**1. The Court Should Grant Plaintiff's Request for an Extension.**

Plaintiff respectfully requests that the Court extend her deadline to move for a default judgment from October 20 until November 5. While I am mindful that the Court stated only extraordinary circumstances would justify an extension, I believe such circumstances exist here.

On October 9, 2025, the firm's lone paralegal and office manager resigned without notice. Her sudden departure has created significant administrative and logistical challenges, including the need to hire and train a replacement. To make matters worse, I will be out of the office for the Jewish holiday of Simchat Torah on October 14 and 15. I was also out last week on October 7 and 8 for the Jewish holiday of Succot and for various days in the previous two weeks for other Jewish holidays.

Further, my firm has a jury trial in the Eastern District of New York starting October 27, 2025 in Mahboob v. Food First Family Project Inc., et al., Case No.: 21-cv-06418 (WFK) (JRC) and a Second Circuit brief in Beniquez v. New York State Unified Court System, Case No.: 25-1751 due on October 29, 2025, both of which will occupy much of the firm's next two weeks and will require me to devote additional time over the next 3 weeks than previously anticipated. As

a result, I will now need to focus to these matters while catching up from the sudden resignation of a key employee and multiple absences for religious observances.  For these reasons, I respectfully request an extension of the deadline to file the motion for default judgment to November 5, 2025, which is a week after the Second Circuit brief is due.

### 2. Plaintiff Did Not Need to Serve Previously Served Defaulting Defendants.

Plaintiff initially filed this lawsuit against Defendants Hungry & Healthy Marketplace LLC, Riverside Gourmet Deli, West 4th Marketplace, Inc. and Abdul LNU alleging unpaid wages under the FLSA and NYLL, failure to provide proper paperwork under the NYLL, and pregnancy discrimination and retaliation under the NYSHRL and NYCHRL. DE 1. Plaintiff served all 4 Defendants. Plaintiff served the Corporate Defendants through the New York State Secretary of State.  DE 10-12.  Plaintiff served Defendant Abdul via leave and mail at his place of business. DE 12.  None of these Defendants responded to the complaint.  Subsequently, Plaintiff amended the complaint to add additional Defendants Salimen Nagi, Mosa Nagi, and Hamza Nagi as Defendants.  DE 27.  Plaintiff did not add any additional claims against the original Defendants.

Because Plaintiff served the Defaulting Corporate Defendants and Abdul with the original Summons and Complaint at the start of this case and those Defendants did not appear, under Fed.R.Civ.P. 5(a)(2), "[n]o service is required on a party who is in default for failing to appear," unless the amended complaint "asserts a new claim for relief against such a party."  Plaintiff properly served all of the original Defendants.  Plaintiff properly served the summons and original complaint on each of the Defaulting Corporate Defendants through service on New York State Secretary of State. Elvey v. Silver's Crust W. Indian Rest. & Grill, Inc., No. 18CIV126FBVMS, 2019 WL 3937126, at *3 (E.D.N.Y. July 3, 2019) (service via NYS Secretary of State effective service on corporations under the FRCP); Bass v. Pershing, No. 25-CV-2478 (JGK), 2025 WL 1224221, at *2 (S.D.N.Y. Apr. 24, 2025) (same for limited liability companies).  Plaintiff also properly served Defendant Abdul at his place of business by leaving a copy of the Summons and Complaint with a person of suitable age and discretion and mailing the same documents to him at his place of business.  Gov't Emps. Ins. Co. v. Davy, No. 22-CV-6158 (HG)(MMH), 2025 WL 2627918, at *5 (E.D.N.Y. Sept. 12, 2025).  None of these Defendants appeared despite being served.  Plaintiff then amended the complaint to add additional Defendants but added no new claims.  DE 27.

Given that the original Defendants failed to appear, and Plaintiff did not add new claims in the Amended Complaint, Plaintiff was not required to serve them under Fed.R.Civ.P. 5(a)(2). De Curtis v. Ferrandina, 529 F. App'x 85, 86 (2d Cir. 2013) (service of amended complaint on defaulting defendants not required unless the amended complaint adds a new claim). Allstate Ins. Co v. Yadgarov, No. 11-CV-6187 PKC VMS, 2014 WL 860019 at *6 (E.D.N.Y. Mar. 5, 2014) (plaintiff not required to serve Amended Complaint on defaulting Defendant when there were no new claims as to that defendant); Georg Neumann GmbH v. GoToToolz, Ltd., No. 23-CV-5808 (KAM)(LB), 2024 WL 3344013, at *2 n.1 (E.D.N.Y. July 9, 2024) (same).  Service was not required even though the Clerk has not yet entered a default in this case. Am. Empire Surplus Lines Ins. Co. v. Concord Restoration Inc., No. 20CV2341RPKRER, 2021 WL 7830142, at *2, n.7 (E.D.N.Y. July 28, 2021), report and recommendation adopted in part, No.

20CV2341RPKRER, 2022 WL 950432 (E.D.N.Y. Mar. 30, 2022). Accordingly, Plaintiff was not required to serve the original Defendants.[1]

In the event the Court rules otherwise, Plaintiff respectfully requests an additional 30 days to serve these Defendants.

We greatly appreciate the Court's attention to this matter.

Respectfully Submitted,

--------------/s/------------
Michael Taubenfeld

---

Plaintiff's deadline to file a default judgment motion shall be extended from October 20, 2025 to **November 5, 2025**.

Plaintiff served the initial complaint, but not the Amended Complaint, on Defendants West 4th Marketplace, Inc., Hungry & Healthy Marketplace LLC, Riverside Gourmet Deli, and Abdul LNU, (collectively, "Served Defendants"). (Docs. 9-12.) Nonetheless, service of process is sufficient as to the Served Defendants because there are no new claims for relief against them in the Amended Complaint. Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4"). However, Plaintiff has not sought default against the Served Defendants. Thus, by **November 5, 2025**, Plaintiff shall also file a default judgment motion against the Served Defendants. *See E. Armata, Inc. v. E. End Produce, Inc.*, No. 15-CV-44, 2015 WL 10457210, at *3 (E.D.N.Y. Jan. 7, 2015), *report and recommendation adopted*, 2016 WL 917935 (E.D.N.Y. Mar. 9, 2016) (finding plaintiff's failure to serve the amended complaint on original defendant did not preclude motion for default judgment because the sole purpose of the amended complaint was to add another defendant and amended complaint did not add new claims against original defendant); *John the Greek Co. v. Eaternity, LLC,* No. 16-CV-919, 2019 WL 1261409, at *4 (E.D.N.Y. Jan. 18, 2019), *report and recommendation adopted*, 2019 WL 13322316 (E.D.N.Y. Feb. 19, 2019) (same); *cf. Allstate Ins. Co. v. Yadgarov*, No. 11-CV-6187, 2014 WL 860019, at *8 (E.D.N.Y. Mar. 5, 2014) ("[M]ultiple courts agree ... that once the amended complaint becomes the operative complaint, a motion for default judgment made on a prior pleading should be denied. Similarly, several courts have found that once the original complaint is superseded, a clerk's entry of default on that pleading is mooted.") (collecting cases).

SO ORDERED:

*[signature]*
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE  10/14/2025

---

[1] Plaintiff requested an amended summons for the original Defendants, which the Clerk of the Court issued on June 11, 2025. DE 32. That was in error.